WIGGINTON, Judge.
The carrier appeals a workers’ compensation order: finding claimant had sustained a 5% “permanent partial disability”; excusing the hospital and doctors from Chapter 440 reporting requirements; making the carrier responsible for the payment of hospital, doctor bills and a fee for claimant’s attorney; but failing to rule on the issues of wage loss and permanent total disability.
Gulyas, while performing his duties as a maintenance supervisor on January 8, 1980, suffered shortness of breath, chest pains, and a choking sensation. He was hospitalized and diagnosed as having experienced angina pectoris due to arteriosclerotic heart disease. Gulyas returned to work with the usual admonishment restricting lifting, pushing or pulling. Claimant adduced no medical testimony indicating any permanent disability but only that he had suffered a pain—precipitated by unusual exertion at work—associated with severe narrowing of the arteries.
We find that the deputy commissioner erred in finding claimant had sustained permanent partial disability of 5% to the body as a whole. Our review of the record reveals no evidence that Gulyas has suffered a work related permanent impairment. The cardiologist concluded that although the accident may have caused angina, any permanent impairment would be a result of the arteriosclerosis. Therefore, the work related activity merely caused pain, it did not cause any permanent aggravation of Gulyas’ condition. The pain was deemed to be temporary and not permanent. Any ambiguity or confusion in the deputy’s order relating to applicable statutory support for the deputy’s position is laid to rest due to the lack of relevant medical evidence. Accordingly, the deputy’s finding of a permanent impairment is reversed.
The issue of wage loss/permanent total disability was before the deputy and ripe for adjudication. Despite the fact that at the time of the final hearing Gulyas had returned to gainful employment, the deputy is required to resolve such issue and failing to do so is reversible error. Deauville Hotel v. Weaver, 8 FCR 87, cert. denied 283 So.2d 565 (Fla.1973).
We affirm the deputy in finding the hospital and doctors to be excused from Chapter 440 reporting requirements as the carrier failed to preserve this issue for appeal by raising it below. Further, it was the conduct on the part of the employer in giving group insurance forms to Gulyas, who in turn arranged for payment of the bills through the group carrier, that may have misled the hospital and doctors not to feel obliged to honor the Chapter 440 filing requirements. In this case, the employer/carrier never challenged the propriety of the medical treatment but relied solely upon the general defense that the claim was not compensable. This Court has held that once the issue of compensability has been decided in favor of the claimant and the medical bills have not been controverted, those bills are the responsibility of the carrier. Garitson v. Rifenburg, 380 So.2d 1311 (Fla. 1st DCA 1980).
We affirm the deputy’s order and claimant’s position that the employer/carrier have not been directed to pay claimant a double recovery. The deputy’s language on this issue amounts to a finding of liability and not an order to pay money, directly to Gulyas, for services previously paid by the group insurer.
We affirm the deputy’s order awarding a fee to Gulyas’ attorney as there is no showing that the deputy abused his discretion.
Accordingly, the deputy’s order is affirmed in part, reversed in part and remanded to the deputy with instructions that he enter an order denying the claim for wage loss/permanent total disability.
ROBERT P. SMITH, Jr., C. J., and LARRY G. SMITH, J., concur.